## FALVEY CHANCEY V. THE STATE.

### No. 3182.  Decided May 16, 1906.

**1.—Robbery—Bill of Exceptions.**

Upon trial for robbery where the bill of exceptions to the objection of testimony with reference to money found on the defendant, did not show the object or purpose of the testimony, the matter will not be reviewed.

**2.—Same—Imputing Crime to Another.**

Where upon trial for robbery a witness was asked whether he made any investigation on the night of the robbery for the purpose of determining whether any other person was seen with the party robbed before the robbery on that night, and the court sustained the State's objection thereto, and the bill of exceptions did not state the object and purpose of the testimony the matter could not be reviewed.

**3.—Same—Remarks of Judge—Discrediting Witness.**

Upon a trial for robbery where the defendant asked one of his own witnesses if he was drunk, and the court sustaining the State's objection thereto remarked that if the witness did get drunk the court did not think that his evidence would amount to much; and it was also in evidence that defendant was a witness and that he was drinking heavily on the night of the robbery; and also that the prosecuting witness was drunk, such remark of the judge was sweeping enough to reach other witnesses besides the one to which he alluded to and also discredited the testimony of defendant.  Held, reversible error.

**4.—Same—Imputing Crime to Another.**

Where upon trial for robbery the defendant asked the officer what investigation he had made on the night of the robbery and the next morning to ascertain who had been with the prosecutor, to show that the officer received information that would have caused him to arrest a certain party (not the defendant) as one of the probable parties who robbed the prosecutor, and thus to prove the conclusions of the officer based upon his investigation of the alleged offense, without sufficiently connecting the said party as a probable participant in the offense, there was no error in excluding this testimony.

**5.—Same—Charge of Court—Weight of the Evidence.**

See opinion for charge of court with reference to certain currency bills referred to by the testimony, which was not on the weight of the evidence.

Appeal from the District Court of Angelina.  Tried below before the Hon. James I. Perkins.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

E. J. *Mantooth, O'Quinn & Robb,* for appellant.—On question of re-mark of judge: Beason v. State, 43 Texas Crim. Rep., 442.

J. E. *Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for robbery. A bill of exceptions recites that while witness "McNeil was on the stand, on cross-examination by appellant, he made the following state-ment: 'After the robbery Mr. Watts, or Mr. Nerren (the officers who had defendant in charge) searched defendant to see how much money. he had, and I think found $12 or $15.' Defendant's counsel asked witness: 'What did you then tell said officers as to about how much money defendant ought to have?'" The State objected, and the objec-tion was sustained. This witness would have answered, "that defend-ant ought to have about the amount of money found on his person—witness having knowledge of the money defendant had only a few hours before." The grounds of objection are not stated, nor does the bill state the purpose and object of defendant seeking to introduce this testimony. This renders the bill entirely defective. The court allows the bill with the qualification, "that he informed appellant's counsel that witness would be permitted to testify as to his knowledge of how much money defendant had before the robbery, and to any fact or circum-stance tending to show that the amount found on him after the rob-bery was the same that he ought to have, but that the answer to the question objected to would be both hearsay and an opinion merely of the witness, and that the facts upon which such opinion was based and not the opinion of witness thereon, would be admissible." We are of opinion that there was no error in this ruling of the court. What the object and purpose of seeking this testimony was is not shown or stated. Nor is it made apparent by the bill.

While witness Watts was on the stand, being recalled by defendant, counsel for defendant asked the following question: "Did you make any investigation on the night of this robbery for the purpose of de-termining whether any other person or persons were seen with John Harris before the robbery on that night?" The State's objection was sustained by the court, in the following language: "That would call for nothing but hearsay, you may ask him if he knows of any person that was with John Harris that night." And to which statement of the court, the witness replied (without being asked by defendant's coun-sel), "I did not see anybody with John Harris that night." Witness would have answered, if permitted to do so, "that he made investigation that night and the following morning to determine who was with John Harris, the injured party, and drinking with him in the various saloons before the robbery; and that he received information that would have caused him to arrest one Vance as one of the probable parties who robbed Harris. And also that he was informed there were some two or more other parties whose names are unknown that were in company

with Harris and Vance, drinking with them and going around with them on that night." The object and purpose of this testimony is not stated. If as a mater of fact other parties were placed in such relation to Harris, the injured party, as they may have been the guilty parties, to the exclusion of appellant's participancy, it would have been admissible testimony. But this was not sought to be proved by this witness. Only a summing up of his investigation was sought to be elicited, and his acts and conduct in ferreting out the guilty parties. If the purpose was to prove that other parties and not appellant did the robbing, it would have been perfectly legitimate and proper to have proved such fact; but that is not the character of evidence sought here, to be introduced. However, as before stated, the bill is fatally defective in not stating the reasons for seeking this testimony or its purpose.

Sims testified in behalf of the appellant, and after he had testified to drinking considerably, and at various places, he was asked by appellant's counsel, "if he was drunk." The State objected. The objection was sustained. In doing so, the court made the following remark: "If he did get drunk, after he got in that condition I don't think that his evidence would amount to much." The ruling of the court as well as the remark made by the judge was excepted to, and the bill reserved. The court qualifies the bill by stating: "The remark of the court was made while defendant's counsel was engaged in the apparent effort to discredit his own witness by seeking to either make him admit that he was drunk at the time inquired about, or if he denied he was drunk, then to impeach him as to such fact. The court so understanding the matter, in a jocular spirit, and possibly from some impatience, addressed the remark complained of to defendant's counsel. I am unable to see how defendant could have been injured by the remark, for it was a comment, not upon evidence admitted but upon that which was excluded; and if any party could complain of it, it was the prosecution, whose main witness, John Harris, it was conceded, was drinking, and was proved by some witnesses to have been drunk on the occasion of the alleged robbery." The object and purpose of introducing the fact that appellant was drunk is not stated. The remark of the court was improper and should not have been indulged; but the testimony was not admitted, and the bill does not show what the answer of the witness would have been. If this bill had shown that the answer would have been that witness was drunk, it might have raised a very serious question. It would have tended very seriously to have impaired his testimony before the jury; and it would have been a comment adversely to the witness, and therefore adverse to appellant's cause in conveying to the mind of the jury the opinion of the court in regard to the testimony of a drunken witness. It is not every remark of a court criticising evidence that will require a reversal. Usually the case will not be reversed on remarks of a court, where the testimony is rejected. In either event it must be shown in some way, or it must be made to

appear that the criticism of the testimony or failure of testimony by the court, would probably have had an injurious effect. Moore v. State, 33 Texas Crim. Rep., 306; Wilson v. State, 17 Texas Crim. App., 536; Moncallo v. State, 12 Texas Crim. App., 171; Copeney v. State, 10 Texas Crim. App., 473. We do not believe this matter as presented in the bill requires a reversal of the judgment.

Witness Watts was further asked by appellant's counsel, the following question: "After you had made the investigation on that night which you have explained to the jury for the purpose of determining who was into that robbery business, I will ask you if you learned of any other person being here that night in town at that time?" The State objected on the ground that it would be the purest kind of hearsay, and he might have learned a whole lot of things that were untrue. The court sustained the objection and defendant excepted. And this question was asked: "Did you in your investigation of that matter as to who had probably committed this offense make any search for any other person except defendant, Chancey and McDonald." State objected because immaterial. The court stated: "The rule is he may show the commission of the offense by some other person and may do it by any legal evidence; but it must be some fact or circumstance that would be admissible against such person if he was on trial." Appellant's counsel: "I am just going to ask him who." The court: "You may ask him of any circumstance that would point to the guilt of any other person. He may have made any amount of investigation and all that, and it would not be evidence as to the investigation he made, but any circumstance that would legally point to any one else as the perpetrator of the crime would be admissible. You may prove any circumstance pointing to the guilt of any other party, but as to what the sheriff did I will sustain." Defendant excepted to this ruling of the court. Appellant's counsel then asked: "State if you attempted to arrest or tried to arrest any other person that night as the party who might have been implicated in this robbery." State objected and defendant excepted to court sustaining the objection. Question: "Did you attempt to arrest a man by the name of Vance?" The court, "This is based on the ruling I have just made." To which action of the court defendant excepted. Question: "State if you made any investigation that night after you learned of this robbery for the purpose of arresting anybody that might have been connected with it?" The court: "That is embraced strictly in the ruling I have just made. You can prove such as if any other man was on trial, any circumstance that would tend to show his guilt." Witness: "I made investigation outside of this defendant and McDonald that night to try and determine who committed that crime up there that night. I examined the ground up there where the offense is said to have occurred." Question: "Did you make any investigation that night for the purpose of determining whether any other person was seen with John Harris before the robbery." The court: "That would

call for nothing but hearsay; you may ask him if he knows whether any other person was with John Harris that night." Defendant excepted to the ruling of the court. Answer: "I didn't see any body else with John Harris that night. Question: "Did you try to arrest anybody that next morning that you had understood was with John Harris that night?" The court: "That matter has been ruled upon. Defendant excepts to the ruling of the court." Answer: "There was a man by the name of Vance in town that night. He was in town the next morning. I couldn't say of my own knowledge where he went. I watched for him during the next day but have not seen anything of him." Question: "Did you ever get a pistol that belonged to Vance?" The State objected because immaterial; objection sustained; and defendant excepted. Answer: "There were three persons with Vance in Lufkin that night; they were Dock Sims, Will Tyner and a man by the name of Simpson. I don't know where Vance came from. I found those three persons with Vance that morning here in town. I never saw anything of Vance after the Cotton Belt train went north. I had seen Vance before that time. I have been knowing him ten or twelve years. I saw Vance that morning before the Cotton Belt train left town. I didn't find out that he had left town until that night. I saw Vance at least a half dozen times between the time of the robbery and the time the Cotton Belt train left." Question: "After Vance left, did you make any attempt to arrest him?" State objects, because immaterial; objection sustained and defendant excepted. Question: "After you had made an investigation of this matter and discovered that Vance had gone, state if you made any attempt to arrest him?" State objects as immaterial matter altogether. The court said: "It is an immaterial matter." Defendant excepted. On cross-examination: "This man Vance looks like he is about 35 years old, and I suppose would weigh about 170 pounds. He did not look like Falvey Chancey. Vance was never indicted for this offense that I ever heard of. I am sheriff of this county and handle capias for persons who have been indicted. This defendant was in front of Scoggins saloon that morning when I first found him." "To which action of the court in excluding all and each of the answers of the witness as shown in the several exceptions herein, defendant excepts. Defendant then stated to the court, as was true, that defendant would have proved by the witness, in answer to said questions by him propounded that he, witness would have proved that he (Watts) made investigation that night and next morning to determine who was with John Harris that night (the injured party) and drinking with him in the various saloons before the robbery; and that he (Watts) received information that would have caused him (Watts) to arrest one Vance, as one of the probable parties who robbed the said Harris; and also that he was informed there were some two or more other parties whose names were not ascertainable and unknown to said Watts, except the said Vance, were in company with said John Harris, drinking with them and going around

with them that night." Any testimony that would prove or tend to prove that other parties than appellant robbed Harris would be legitimate. If it tended to exculpate Harris it would be favorable to him. If it tended to incriminate, of course, it would be unfavorable as tending to show either a conspiracy or that the parties were acting in concert as principals. But the witnesses relied upon to prove these facts must state the facts not their conclusions from the facts. If these witnesses knew any of the parties whose names were sought to be proved were in fact with Harris at the time he was robbed or were connected with the robbery, it would be a legitimate fact; but it is not permissible to prove the conclusions of a witness based upon his investigation of a criminal transaction. Under the peculiar state of case, it will be noted that this witness stated that as far as shown by this bill some of these were drinking about the saloons where Harris and others were drinking. This was testified by sheriff Watts. As to his conclusion as to whether Vance was supposed or not supposed to be connected with the robbery, was properly excluded in the manner as presented here. Perhaps if Vance had been sufficiently connected to have shown him to have been in the robbery or to have been in such position at the time of the robbery to have participated in it, then it might have been legitimate to show his flight as a circumstance against him and in favor of appellant, provided appellant was not one of the guilty parties. As we understand this bill, it was shown that Vance was in the town that night, and was drinking with Sims, and others, perhaps appellant and the assaulted party, around the saloon; and it was further shown by this witness that Vance left on the train the following day. We are of opinion that as this bill presents the matter there is nothing in the record requiring a reversal of the judgment, for the witness was permitted to testify as far as it was legitimate.

We have examined the charge, and do not believe that it is the subject of any criticism; nor that it was upon the weight of the evidence, where it informed the jury that if they should find any of the bills of currency mentioned by witness Harris was taken from him by appellant, to find him guilty of robbery. This was not on the weight of the evidence. Witness testified to the taking of quite an amount of money in the form of currency bills; and it was not error for the court to instruct the jury that if they should find appellant took any one or more of these bills under circumstances which would constitute robbery they should convict him. The court was not assuming as a fact that the bills were taken, or taken by appellant, and left this as a matter of fact to be determined by the jury.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

## ON REHEARING.
### June 25, 1906.

DAVIDSON, PRESIDING JUDGE.—This judgment was affirmed at the present term, and is now before us on rehearing. It is contended

that we were in error in holding that the remark of the trial court excluding testimony was not of sufficient importance to require a reversal. In the original opinion it was said: "The remark of the court was improper and should not have been indulged; but the testimony was not admitted and the bill does not show what the answer of the witness would have been. If this bill had shown that the answer would have been that witness was drunk, it might have raised a very serious question. It would have tended very seriously to have impaired his testimony before the jury; and it would have been a comment adversely to the witness, and therefore adverse to appellant's cause in conveying to the mind of the jury the opinion of the court in regard to the testimony of a drunken witness." As stated in the original opinion, the court qualified the bill by stating: "The remark of the court was made while defendant's counsel was engaged in an apparent effort to discredit his own witness by seeking to either make him admit that he was drunk at the time inquired about, or if he denied he was drunk, then to impeach him as to such fact. The court so understanding the matter, in a jocular spirit, and possibly from some impatience, addressed the remark complained of to defendant's counsel. I am unable to see how defendant could have been injured by the remark, for it was a comment, not upon evidence admitted but upon that which was excluded; and if any party could complain of it, it was the prosecution, whose main witness, John Harris, it was conceded, was drinking, and was proved by some witnesses to have been drunk on the occasion of the alleged robbery." This exception was met in the former opinion upon the theory that it was upon rejected and not admitted testimony. It was then stated and reiterated that the remark of the court should not have been indulged.

Upon a more careful investigation of the matter we are of opinion that the remark was more far reaching than at first thought. The judge himself explained the remark as reflecting upon the prosecuting witness Harris, and if complaint could be alleged it should come from the prosecution and not the defense. It was in evidence that appellant took the stand in his own behalf; and it was further in evidence that defendant was drinking heavily, and some of the testimony goes to show that he was drunk on the night of the alleged robbery, as was Sims, whose name was mentioned as a witness in the bill of exceptions. If the trial court was right in stating that it would have reflected upon prosecuting witness Harris, and his remark was sweeping enough to reach other witnesses besides Sims, then defendant himself was included within that category. The remark of the court was calculated to impress the jury with the fact that the court did not believe the evidence of those witnesses who testified in the case, including defendant, who were under the influence of liquor, amounted to anything and thereby discredited their testimony in the minds of the jury. We are therefore of opinion that we were in error in not reversing the judgment for this reason on a former day of the term. We are further of opinion that it was

such error as requires a reversal. The rehearing is granted, and the judgment of affirmance is set aside, and the cause remanded.

*Rehearing granted; reversed and remanded.*

Brooks, Judge, absent.